UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIRCA CACERES and , )<br>GUILLERMO CACERES )<br>     Plaintiffs, )<br> )<br>     v. )<br> )<br>COMMONWEALTH OF MASSACHUSETTS )<br>DEPARTMENT OF DEVELOPMENTAL )<br>SERVICES and the SEVEN HILLS )<br>FOUNDATION, )<br> )<br>     Defendants. )<br> ) | CIVIL ACTION<br>NO. 22-40037-TSH |
| MIRCA CACERES and , )<br>GUILLERMO CACERES )<br>     Plaintiffs, )<br> )<br>     v. )<br> )<br>COMMONWEALTH OF MASSACHUSETTS )<br>DISABLED PERSONS PROTECTION )<br>COMMISSION, )<br> )<br>     Defendant. )<br> ) | CIVIL ACTION<br>NO. 22-12081-TSH |

**MEMORANDUM OF DECISION AND ORDER
ON DEFENDANTS' MOTIONS TO DISMISS**
December 21, 2022

**HILLMAN, S.D.J.**

### Introduction

Plaintiffs Mirca and Guillermo Caceres, proceeding *pro se*, filed this action on April 1, 2022 against Defendants Department of Developmental Services (DDS) and the Seven Hills

Foundation. Defendants now move to dismiss Plaintiffs' claims pursuant to Fed.R.Civ.Pro. 12(b)(1) and 12(b)(6).

Plaintiffs *pro se* status "militates in favor of a liberal reading" of their pleading. *See Rodi v. S.New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir.2004). *See also Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir.1997) ("The policy behind affording *pro se* plaintiff's liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled"). However, Plaintiffs *pro se* status does not absolve them of having to comply with this Court's procedural and substantive law. *Burnham v. Wyeth Labs. Inc.*, 348 F.Supp.3d 109, 111-12 (D.Mass. 2018) (citing *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997)).

## **Background**

Plaintiffs Mirca and Guillermo Caceres are the parents of "I.C." I.C. is 24 years of age and resides in a group home in Dartmouth, Massachusetts operated by an affiliate of the Seven Hills Foundation. I.C. was placed in the group home by order of the Department of Developmental Services of the Commonwealth of Massachusetts ("DDS"). By appointment from the Middlesex County Probate Court, Attorney Tami Dristiliaris is the sole Guardian of I.C. I.C. has been under a professional Guardianship and has been in a facility designated by DDS since at least 2016. Plaintiff Guillermo Caceres at one time served as Co-Guardian of I.C. but Guillermo Caceres was removed as Co-Guardian by Order of the Middlesex County Probate Court dated October 29, 2018 (Exhibits A, B, C, D). The Middlesex County Probate Court limited the Plaintiffs' access to their son I.C. by Orders dated June 29, 2018, August 6, 2018 and January 30, 2019. The Probate Court determined that the Plaintiffs may have supervised visits with I.C. of one hour weekly and limited telephone access supervised by monitor. The Probate Court made a

specific finding that, "The court further finds that the parents of the incapacitated have not acted in the best interests of their child, and their actions throughout the pending of the action have worsened and required restrictions to be placed upon their access."

Plaintiffs' allegations mirror the claims they have previously brought against various persons, agencies and departments of the Commonwealth seeking relief with respect to efforts to regain custody and control of I.C. In all of the cases, Plaintiffs seek relief from state court rulings establishing custody of their son and various damages they allegedly sustained as a result of such court rulings. On or about January 21, 2020, the Plaintiffs filed a Petition for Guardianship with the Bristol County Probate Court. DDS objected. The Petition was dismissed on April 27, 2020. On September 1, 2020, the Plaintiffs filed a Petition for Conservatorship with the Bristol County Probate Court. DDS filed an objection, and the Petition was dismissed on September 30, 2021. On October 20, 2020, the Plaintiff Guillermo Caceres filed a petition to remove Atty. Dristiliaris guardian with the Middlesex County Probate Court. The Petition was dismissed on August 24, 2021. On November 22, 2021, Plaintiff Mirca Caceres filed a general probate petition with the Middlesex County Probate Court seeking custody of their son for Thanksgiving. The Petition was dismissed on November 22, 2021. More recently, on November 30, 2022, Plaintiff Mirca Caceres and another unidentified individual showed up at the I.C.'s group home unannounced, claiming that the guardianship had changed and that they were there to remove I.C. from the home. As I.C.'s guardianship with Atty. Dristiliaris remains in effect, Plaintiff was unable to produce any documentation of any court-ordered change in guardianship.

In their initial Complaint in this Court on April 1, 2022, Plaintiffs alleged that DDS and Seven Hills Foundation had "kidnapped" their son and requested this Court allow their son to go home with them. On May 12, 2022, Seven Hills filed a Motion for More Definite Statement,

which Plaintiffs opposed on May 17, 2022. On May 23, 2022, Plaintiffs filed an Amended Complaint. The Amended Complaint requests that the District Court *"[r]emove the present guardian and our son returns home from where it should never have come out."* Plaintiffs are asking for damages for "emotional abuse, material, psychological, unjustified restraining order" and compensation for legal fees, medical costs, and other personal expenses totaling over $300,000.00.

*Department of Developmental Services Motion to Dismiss*

Defendant DDS argues that because it is an agency of the Commonwealth of Massachusetts, the Complaint against it is barred by the Eleventh Amendment and should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. DDS is an agency of the Commonwealth and subdivision of the Department of Mental Health. Plaintiffs have not shown that Massachusetts has waived its immunity as to their claims, so this Court has no power to adjudicate the case. *See* U.S. CONST. amend. XI; *Elias v. Elias*, 2013 WL 3777069, at *5 (D. Mass. July 15, 2013) ("[T]he Commonwealth of Massachusetts and its courts (as instrumentalities of the State) are not subject to suit in this Court, under the doctrine of sovereign immunity grounded in the Eleventh Amendment."). Accordingly, all claims against the DDS are dismissed.

*Seven Hills' Motion to Dismiss*

Seven Hills contends that Plaintiffs' claims against it must be dismissed under the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over "federal complaints ... [that] essentially invite[ ] federal courts of first instance to review and reverse unfavorable state-court judgments." *Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 20 (1st Cir. 2005) (*quoting Exxon Mobil*

*Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005)). The doctrine applies where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp.,* 544 U.S. at 291.

Here, the Court agrees that the action is barred by *res judicata* and the *Rooker-Feldman* doctrine. Plaintiffs are essentially challenging the Probate and Family Court ruling regarding the proper custody and guardianship of I.C. through the agencies that oversee his care. "it is enough [to apply the *Rooker-Feldman* doctrine] that granting" plaintiffs what they seek "would effectively overturn the state court's decision." *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 33 (1st Cir. 2004). Plaintiffs' Complaint does not provide a basis for this Court's subject-matter jurisdiction under the *Rooker-Feldman* doctrine because a ruling in favor of the Plaintiffs would effectively overturn the decision of a state court. The Plaintiffs' claims should thus be dismissed under Rule 12(b)(1).

*Caceres v. Commonwealth of Massachusetts Disabled Persons Protection Commission, Civil Case No. 1:22-12081*

On December 12, 2022, Plaintiffs filed a second Complaint in this Court alleging the same facts in the case against the DDS and Seven Hills, requesting that the Court commence a civil investigation against the Defendant, the Commonwealth of Massachusetts' Disabled Persons Protection Commission (DPPC). The Complaint contends that the DPPC covered up "the kidnapping and abuse of a minor and imprisoning him for several years … fabricating false files, appointments to court that never existed … forged signatures of judges," *inter alia*. DPPC is an independent state agency responsible for the investigation and remediation of instances of abuse against persons with disabilities and also oversees investigations conducted on DPPC's

behalf by other state agencies including DDS. Similar to DDS, because it is an agency of the Commonwealth of Massachusetts, the Complaint against DPPC is barred by the Eleventh Amendment and should be dismissed pursuant to Rule 12(b)(1).

## Conclusion

1. The Motion to Dismiss (Docket No. 16) in Civ. Act. No. 22-40037-TSH is **granted** as to all claims.

2. The Motion to Dismiss (Docket No. 18) in Civ. Act. No. 22-40037-TSH is **granted** as to all claims.

3. For the reasons discussed here, the matter in Civ. Act. No. 1:22-12081 is **dismissed**.

In addition, the following motions in Case No. 22-40037 are **denied**: Docket No. 8, Docket No. 20, Docket No. 25 and Docket No. 34.

**SO ORDERED**.

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
UNITED STATES SENIOR DISTRICT JUDGE